IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROGER CHARLES DAY, JR., FED. ID #12388-050, | ) ) | CIV. NO. 17-00432 DKW/KJM |
| | ) ) | ORDER DENYING IN FORMA PAUPERIS REQUEST |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| LOCKHEED MARTIN, BOEING, RAYTHEON, GENERAL DYNAMICS, | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Before the court is pro se Plaintiff Roger Charles Day, Jr.'s Complaint and Motion for Leave to Proceed In Forma Pauperis ("IFP Motion"). ECF Nos. 1, 2. Day is a federal prisoner confined at the U.S. Penitentiary in Terre Haute, Indiana ("USP Terre Haute"). Day filed this action under seal as a putative qui tam relator under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq*. He broadly alleges Defendants Lockheed Martin, Boeing, Raytheon, and General Dynamics defrauded the United States. For the following reasons, Day's IFP Motion is DENIED, and he is NOTIFIED that he may not proceed pro se in this action.

## I. **IFP MOTION**

Parties filing actions in the United States District Court are required to pay filing fees. 28 U.S.C. § 1914(a). An action may not proceed without prepayment of a filing fee or an order granting IFP. *See* 28 U.S.C. § 1915(a)(1). As a prisoner, Day is required to pay the entire filing fee for this action, whether in full upon commencing the action, or in increments as directed by the court. 28 U.S.C. § 1915(b)(1). Day must provide a certified copy of his trust fund account statement (or institutional equivalent) for the six-month period immediately preceding filing of this Complaint that is signed by an official at USP Terre Haute. 28 U.S.C. § 1915(a)(1). He must also provide a signed release for withdrawal of funds from his account.

Day's IFP Motion is DENIED as incomplete. He must either pay the $400.00 filing fee or submit a complete IFP application, with a certified six-month trust account statement and his signed permission to withdraw funds from his account, on or before **October 6, 2017**. Failure to do so will result in dismissal of this action without prejudice for failure to pay and follow a court order. *See* Fed. R. Civ. P. 41(b); *see also Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995); *In re Perroton*, 958 F.2d 889, 890 (9th Cir. 1992); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

## II. NOTICE

The FCA, 31 U.S.C. § 3729 *et seq.*, provides for liability when any person "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1). The qui tam provisions of the FCA allow a private individual, known as a relator, to "bring a civil action for a violation of section 3729 for the person and for the United States Government . . . in the name of the Government." 31 U.S.C. § 3730(b)(1). The relator must serve "a copy of the complaint and written disclosure of substantially all material evidence and information the person possesses" on the Government pursuant to Rule 4(i) of the Federal Rules of Civil Procedure. 31 U.S.C. § 3730(b)(2). "The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders." 31 U.S.C. § 3730(b)(2). During this 60-day period, the United States may elect to intervene, "in which case the action shall be conducted by the Government," or allow the relator to proceed on behalf of the United States, or move to dismiss the action. 31 U.S.C. §§ 3730(b)(4) & (c)(2)(A). An FCA action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting. 31 U.S.C. § 3730(b).

Pro se litigants cannot prosecute an action in federal court on behalf of others. *C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697-98 (9th Cir.1987); *Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself.'"). This includes pro se qui tam actions that are brought on behalf of the United States. *See Stoner v. Santa Clara Cty. Office of Educ.*, 502 F.3d 1116, 1126-27 (9th Cir. 2007); *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008). Day is NOTIFIED that he may not prosecute this action pro se.

Day says he mailed a copy of the Complaint to the United States Attorney on August 21, 2017. *See* Compl., ECF No. 1, PageID #3. The Court accepts that Day served the Complaint and a "written disclosure of substantially all material evidence and information" on the Attorney General pursuant to Rule 4(i). The Court will allow sufficient time for the Government to intervene, notify the Court that it declines to do so, or move for dismissal. 31 U.S.C. § 3730(b)(4). In the event the Government declines to intervene, and if Day does not otherwise secure counsel, the Court will dismiss this action.

### III. CONCLUSION

(1)     Day's Motion to Proceed In Forma Pauperis is DENIED. He shall submit a complete in forma pauperis application on or before October 6, 2017.

Failure to timely do so will result in the automatic dismissal of this action without further notice for failure to pay or obey a court order.

(2) Regardless of whether Day is granted in forma pauperis status, he is NOTIFIED that he may not proceed pro se in this matter. Day is instructed to notify the Court on or before October 6, 2017 of the name, address, telephone number, email address and other relevant contact information for the attorney or law firm representing him in this action. The failure to timely do so will result in the automatic dismissal of this action without further notice for failure to obey a court order, unless the Government opts to intervene.

(3) The Clerk is DIRECTED to send Day a blank in forma pauperis application so that he may comply with this Order.

(4) The Clerk is DIRECTED to serve a copy of this Order on the United States Attorney for the District of Hawaii.

IT IS SO ORDERED.

DATED: September 5, 2017 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge