THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROGER CHARLES DAY, JR., FED. ID #12388-050, | ) ) ) | CIV. NO. 17-00432 DKW-KJM |
| Plaintiff, | ) ) ) | ORDER DENYING (1) APPLICATION TO PROCEED IN FORMA PAUPERIS BY A |
| vs. | ) ) ) | PRISONER; AND (2) MOTION INVOKING COURT'S SUBJECT |
| LOCKHEED MARTIN, *et al.*, | ) ) | MATTER JURISDICTION |
| Defendants. | ) ) | |
| _____ | ) | |

On September 5, 2017, the Court denied Plaintiff Roger Charles Day, Jr.'s request to proceed in forma pauperis ("IFP") and notified him that he may not proceed pro se as a qui tam relator under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq*. *See* Order, ECF No. 3 ("September 5, 2017 Order"). The Court instructed Day to submit a complete IFP application and notify the Court of the identity of the attorney or law firm that is or will be representing him on or before October 6, 2017.

On September 22, 2017, Day submitted an IFP application and a Motion Invoking the Court's Subject Matter Jurisdiction. Mot., ECF Nos 5, 6. For the following reasons, the IFP application is DENIED as incomplete and Day's Motion is DENIED.

## I. IFP APPLICATION

Although the Clerk of Court sent Day a two-page District of Hawaii form IFP application, he returned only the first page of the form with his account statement. The IFP application therefore lacks Day's (1) signed acknowledgment that, as a prisoner, he is required to pay the full filing fee, and (2) release for withdrawal of funds from his account. *See* 28 U.S.C. § 1915(a)(2). Day's Application to Proceed In Forma Pauperis By A Prisoner is therefore DENIED.

Day is ORDERED to submit the signed second page of the District of Hawaii IFP application acknowledging his responsibility to pay the civil filing fee and granting permission to withdraw funds from his account on or before **October 11, 2017**. Day need not include the first page of the application or another trust account statement but may incorporate ECF No. 6 by reference. Failure to do so will result in dismissal of this action without prejudice. *See* Fed. R. Civ. P. 41(b); *see also Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995).

## II. THE MOTION

Day asserts that he only requires an attorney to represent him if the United States declines to intervene in this qui tam action. He contends that, because the Attorney General has sixty days, at a minimum, to intervene or decline to do so, he need not identify (or retain) counsel until the Government has made its intervention

decision. *See* 31 U.S.C. § 3730(b)(4). Day therefore asserts that the Court violated the FCA when it directed him to disclose, on or before October 6, 2017, information regarding the attorney or law firm representing him in this action, or risk dismissal of this action. *See* Order, ECF No. 3.

**A.     Screening**

Because Day is a prisoner and seeks to proceed in forma pauperis, the Court must screen his pleadings. *See* 28 U.S.C. §§ 1915(b)(2) (requiring screening of all prisoner cases in which prisoners seek to proceed without prepayment of the civil filing fees). Screening requires a court to identify cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at §§ 1915(b)(2) and 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."

*Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

**B.     Discussion**

Day's pleading contains several procedural infirmities. First, while a private individual may bring an action for a violation of the FCA, that action "shall be brought in the name of the Government." 31 U.S.C. § 3730(b)(1). Day captioned the Complaint in his own name only without regard to the clear direction of the statute.

Second, the FCA requires that "the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure." 31 U.S.C. § 3730(b)(1-2). Day served neither the Complaint nor any

material evidence on the Government.[1] Day has plainly failed to comply with the statute.

Third, as a pro se litigant, Day must comply with the general rule that non-lawyers are prohibited from representing other litigants. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir.1987). A qui tam relator has "the right to bring a FCA claim on the government's behalf, an interest in the outcome of the lawsuit, and the right to conduct the action when the government declines to intervene." *United States ex rel. Welch v. My Left Foot Children's Therapy, LLC*, — F.3d —, 2017 WL 3976314, at *6, n.2 (9th Cir. Sept. 11, 2017) (citing *Stoner v. Santa Clara Cty. Office of Educ.*, 502 F.3d 1116, 1126–27 (9th Cir. 2007)). But the "underlying fraud claims asserted in a FCA case belong to the government and not to the relator." *Id.* That is, "the 'United States is the real party in interest in any False Claims Act suit, even when it permits a qui tam relator to pursue the action on its behalf.'" *United States v. Schimmels*, 127 F.3d 875, 882 (9th Cir. 1997). A qui tam relator cannot pursue his own interests separately, nor bring a case on his own without binding the United States "for purposes of res judicata and

---

[1] After receiving notice from the Office of the United States Attorney for the District of Hawaii that it had received nothing from Day, the Clerk of Court sent a copy of the Complaint to that office on September 6, 2017. *See* ECF No. 4.

collateral estoppel." *Stoner v. Santa Clara Cty. Office of Educ.*, 502 F.3d 1116, 1126–27 (9th Cir. 2007) (citing *Schimmels*, 127 F.3d at 884) (further citations omitted); *see also Rogers v. Sacramento Cty.*, 293 F. App'x 466, 467 (9th Cir. 2008) (affirming dismissal of FCA action without prejudice "because a relator cannot prosecute a qui tam action pro se under the [FCA]").

Day may not proceed pro se in an FCA action under 28 U.S.C. § 1654, which authorizes parties to conduct their "own" cases pro se in the federal courts. *Stoner*, 502 F.3d at 1126-28; *see also United States ex rel. Mesi v. Nat'l Default Serv. Corp.*, 2017 WL 3749677, at *2 (D. Nev. Aug. 30, 2017) (finding pro se qui tam relator may not prosecute FCA claims and dismissing action after United States declined to intervene).

Day's Motion Invoking the Court's Subject Matter Jurisdiction is DENIED. Day is DIRECTED to comply with the September 5, 2017 Order's direction and submit the name, address, telephone number, email address and other relevant contact information for the attorney or law firm representing him in this action on or before **October 11, 2017**.

### III.  CONCLUSION

(1)  Day's Application to Proceed In Forma Pauperis By A Prisoner is

DENIED.  Day SHALL submit the signed second page of the District of Hawaii IFP application on or before **October 11, 2017**.

(2)  Day's Motion Invoking the Court's Subject Matter Jurisdiction is DENIED.  Day SHALL submit the name, address, telephone number, email address and other relevant contact information for the attorney or law firm representing him in this action on or before **October 11, 2017**.

(3)  Failure to timely comply with any provision of this Order will result in the automatic dismissal of this action without further notice.

(4)  The Clerk is DIRECTED to send Day another in forma pauperis application.

IT IS SO ORDERED.

DATED: September 29, 2017 at Honolulu, Hawai'i.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

_Roger Charles Day v. Lockheed Martin, et al._; Civil No. 17-00432 DKW-KJM; **ORDER DENYING (1) APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER; AND (2) MOTION INVOKING COURT'S SUBJECT MATTER JURISDICTION**

_Day v. Lockheed Martin, et al._, 1:17-00432 DKW-KJM;  ifp 2017 (dny incmp, no consent wthdr)