IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ROGER CHARLES DAY, JR., FED. ID #12388-050, | ) CIV. NO. 17-00432 DKW/KJM ) ) DISMISSAL ORDER |
| Plaintiff, | ) ) |
| vs. | ) ) |
| LOCKHEED MARTIN, et al., | ) ) |
| Defendants. | ) ) |
| _____ | ) |

## **DISMISSAL ORDER**

Before the court is pro se Plaintiff Roger Charles Day, Jr.'s letter to the Clerk of Court. ECF No. 8 (dated October 12, 2017). Day asserts that he will not comply with the Court's September 29, 2017 "Order Denying (1) Application to Proceed In Forma Pauperis by a Prisoner ("IFP Application"); and (2) Motion Invoking Court's Subject Matter Jurisdiction," ECF No. 7 ("September 29 Order"). Day disputes several of the Court's statements in the September 29 Order, and instructs the Clerk to consider the letter as "a NOTICE OF APPEAL." ECF No. 8, PageID #34.

The Court construes Day's letter as his Response/Reply and refusal to comply with the September 29 Order's explicit directions, and his explicit intent to

appeal the court's denial of his IFP Application. This action is DISMISSED without prejudice for Day's failure to pay the civil filing fee or submit a fully complete IFP Application, and refusal to obey a court order. The Clerk is DIRECTED to process Day's Notice of Appeal.

## I. PROCEDURAL HISTORY

On August 29, 2017, Day commenced this action by filing his Complaint pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq., and Motion for Leave to Proceed In Forma Pauperis ("IFP). ECF Nos. 1, 2.

On September 5, 2017, the Court denied Day's Motion for Leave to Proceed IFP as incomplete and notified him that, if the United States declined to intervene, he may not proceed pro se as a qui tam relator under the FCA. *See* Order, ECF No. 3; *see also United States ex rel. Welch v. My Left Foot Children's Therapy, LLC*, 871 F.3d 791, 800 n.2 (9th Cir. 2017) (finding no grounds to overturn circuit precedent holding that a relator cannot pursue an FCA claim pro se) (citing *Stoner v. Santa Clara Cty. Office of Educ.*, 502 F.3d 1116, 1126-28 (9th Cir. 2007). The Court directed Day to submit a certified trust account statement and signed permission to withdraw funds from his account, and sent him District of Hawaii forms so that he could comply with this direction. Day was explicitly notified that "[f]ailure to do so will result in dismissal of this action without prejudice for

2

failure to pay and follow a court order." *Id.*, PageID #2. Day was further notified that "[i]n the event the Government declines to intervene, and if Day does not otherwise secure counsel, the Court will dismiss this action." *Id.*, PageID #4. The Court instructed Day to identify "the attorney or law firm representing him in this action. The failure to timely do so will result in the automatic dismissal of this action without further notice for failure to obey a court order, unless the Government opts to intervene." *Id.*, PageID #5.

On September 6, 2017, the Court directed the Clerk to serve a copy of the sealed Complaint on the United States Attorney, after receiving notice from the Office of the United States Attorney that it had not received a copy of the Complaint from Day. *See* ECF No. 4.

On September 22, 2017, Day returned the completed first page of the IFP Application and submitted a Motion Invoking the Court's Subject Matter Jurisdiction. ECF Nos. 5, 6. Day argued that he is not required to disclose who will represent him *until* the United States declines to intervene, and moved the Court to rescind its order directing him to identify the attorney or law firm representing him.

On September 29, 2017, the Court denied Day's IFP Application as incomplete and directed him to submit the completed second page of the District of

3

Hawaii's IFP Application form. *See* September 29 Order, ECF No. 7, PageID #2. Day was notified again that failure to submit a complete IFP Application would result in dismissal of this action. *Id.*, PageID #26. The Court denied Day's Motion, informed him that the United States Attorney had not been served, notwithstanding Day's claims to the contrary, and again directed him to identify the law firm or attorney who will represent him if the United States declines to intervene.[1] *Id.*

## II. **LEGAL STANDARD**

A court may dismiss an action pursuant to Federal Rule of Civil Procedure 41, if a plaintiff fails to comply with the federal or local rules of court or any court order. Fed. R. Civ. P. 41(b); *see also Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995); *In re Perroton*, 958 F.2d 889, 890 (9th Cir. 1992); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order); *In re M.P.I. Ltd. Trust v. Hu*, 2017 WL 4707014, at *1 (D. Haw. Oct. 19, 2017) (dismissing bankruptcy appeal without prejudice for failure to pay the filing fee or otherwise comply with the court's order); *Hamilton*

---

[1]The Court mistakenly informed Day that he had incorrectly captioned the Complaint, prompting him to inquire whether "the court [is] blind? [or [i]s the court just a moron?" ECF No. 8.

4

*v. Hawaii*, 2016 WL 4385839, at *2 (D. Haw. Aug. 15, 2016) (dismissing action for failure to comply with the prior order to pay the filing fee or submit a complete IFP application).

"Before dismissing an action for failure to prosecute, the Court must weigh: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to [defendants]; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.'" *Hamilton*, 2016 WL 4385839, at *2 (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 642 (1962) (further citations omitted).

### III.  DISCUSSION

The Court has twice directed Day to submit a complete IFP Application on a District of Hawaii form provided to him by the court and notified him that the failure to do so would result in dismissal of this action. Alternatively, in the absence of a completed IFP Application, the Court advised Day that he would be responsible for paying the civil filing fee to initiate his action, and would need to provide access to his prison account from which payment would be made. Day replied, "I am not giving this court any access to my account voluntarily," asserted that the statute does not require him to consent to the withdrawal of funds from his account, and refused to complete the second page of the IFP Application form.

ECF No. 8, PageID #33, *see also* ECF No. 8-6 (showing "REFUSED" on the second page of the IFP Application).  Day states that the Clerk of Court "may consider [his response as] a NOTICE OF APPEAL."  ECF No. 8, PageID #34.

Pro se parties are not excused from following court rules of procedure.  *See* Local Rule LR83.13 ("Pro se litigants shall abide by all local, federal, and other applicable rules and/or statutes").  Pursuant to Local Rule LR99.7.10, "applications to proceed in forma pauperis by incarcerated individuals, shall be . . . on forms approved by the court . . . unless the assigned judge, in his or her discretion" determines otherwise.  The Court requires inmates to consent to withdrawal of funds from their accounts and to acknowledge their responsibility to pay the full filing fee, unless IFP status is approved.

The public's interest in expeditious resolution of this litigation is thwarted by Day's refusal to comply with the Court's orders and local rules, as is the Court's need to manage its docket.  There is no risk of prejudice to defendants here, who have not been served.  There are no reasonable alternatives to dismissal, particularly given Day's adamant refusal to comply with the Court's orders and the District of Hawaii's Local Rules.  While the public policy favors disposition on the merits of an action, this policy is outweighed by the factors favoring dismissal.

The Court has considered the five factors governing the involuntary dismissal of actions under Fed. R. Civ. P. 41(b), and concludes that dismissal is warranted in light of Day's refusal to comply with the Court's orders, submit a completed IFP Application on a District of Hawaii form, inform the Court who will represent him if the Government declines to intervene, and emphatic election to appeal this Court's decisions rather than effectively litigate this action.

### IV.  CONCLUSION

This action is DISMISSED without prejudice for Day's failure to comply with the Court's orders and the Local Rules for the District of Hawaii.

The Clerk is DIRECTED to note that Day's letter, ECF No. 8, is construed as a Response/Reply to the September 29 Order, and as a notice of appeal.  The Clerk is DIRECTED to process the notice of appeal and terminate this action.

IT IS SO ORDERED.

DATED: October 25, 2017 at Honolulu, Hawai'i.



 /s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

United States of America ex rel Roger Charles Day, Jr., v. Lockheed Martin, et al; Civil No. 17-00432 DKW-KJM; DISMISSAL ORDER

*United States ex rel. Day v. Lockheed Martin*, 1:17-cv-00432 DKW-KJM; IFP 17 Day 17-432 dkw (refuse use ct form)